IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD STRINGER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:20-CV-222 |
| | § | |
| CHENIERE ENERGY, INC. and AIR RESOURCES AMERICAS, L.L.C. d/b/a AIRSWIFT, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CHENIERE ENERGY'S**
**NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant Cheniere Energy, Inc. ("Cheniere") pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and Local Rule 81.1, hereby removes this civil action from the 36th Judicial District Court of San Patricio County, Texas. Defendant Swift Technical Services, LLC d/b/a Airswift, incorrectly identified and sued as "Air Resources Americas, LLC d/b/a Airswift" in the Original Petition ("Airswift")[1] hereby consents to the removal of this action. Undersigned counsel represents both Cheniere and Airswift (collectively, "Defendants"). In support of removal, Cheniere asserts the following facts and, in so doing, expressly reserves all questions other than that of removal for the purpose of further pleadings and proceedings:

**I.    STATE COURT PROCEEDINGS**

1. On July 22, 2020, Plaintiff Ronald Stringer ("Plaintiff" or "Stringer") commenced a civil action against Defendants in the 36th Judicial District Court of San Patricio County, Texas, styled as *Ronald Stringer v. Cheniere Energy, Inc. and Air Resources Americas, L.L.C. d/b/a Airswift*, Case No. S-20-5538CV-A (the "State Court Action").[2] As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants is attached as

---

[1] Defendants do not waive the right to seek dismissal of any parties improperly named in this lawsuit.
[2] *See* Plaintiff's Original Petition, attached as Exhibit G. Citations made in this Notice of Removal to specific parts of Plaintiff's Original Petition are in the following format: "Pl. Pet. ¶ [_]").

Exhibit C.  The foregoing, along with the copy of the docket sheet, attached as Exhibit B, represents a complete copy of the file in the State Court Action from the 36th Judicial District Court of San Patricio County, Texas.

2.  Plaintiff's Original Petition ("Petition") alleges violations of the Americans with Disabilities Act ("ADA"),[3] the Family and Medical Leave Act ("FMLA"),[4] the Age Discrimination in Employment Act ("ADEA"),[5] and Texas Commission on Human Rights Act ("TCHRA").[6] The ADA, FMLA, and ADEA are federal causes of action.

## II.  GROUND FOR REMOVAL – FEDERAL QUESTION

3.  Under 28 U.S.C. § 1331, United States District Courts are vested with original jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  Removal of such cases is governed by 28 U.S.C. § 1441(a).

4.  Plaintiff's Petition alleges violations of the ADA, FMLA and ADEA, which are federal statutes.[7]  Because his federal claims arise under the laws of the United States, this Court has original subject matter jurisdiction over Plaintiff's ADA, FMLA and ADEA claims.

5.  This Court has supplemental jurisdiction over the state-law claims Plaintiff asserts in his Petition pursuant to 28 U.S.C. § 1367.  Plaintiff's TCHRA claim of age discrimination is so related to Plaintiff's ADEA claim that they form part of the same case or controversy under Article III of the United States Constitution.[8]

---

[3] *See* Pl. Pet. ¶¶ 22-34.
[4] *See* Pl. Pet. ¶¶ 35-46.
[5] *See* Pl. Pet. ¶¶ 56-63.
[6] *See* Pl. Pet. ¶¶ 47-55.
[7] *See* Pl. Pet. ¶¶ 22-46, 56-63.
[8] *See* 28 U.S.C. § 1367; *see also Gonnering v. Blue Cross & Blue Shield of Texas*, 420 F. Supp. 2d 660, 668 (W.D. Tex. 2006) (explaining that claims under the ADA and TCHRA "are subject to the same legal standards").

6. Because the state and federal claims are analyzed under the same standards,[9] Plaintiff's state law claims do not predominate over the federal claims.[10]

### III. REMOVAL IS TIMELY

7. Plaintiff filed his Petition on July 22, 2020.[11] Plaintiff served Airswift on July 27, 2020,[12] and Cheniere on July 28, 2020.[13] This Notice of Removal is filed within thirty (30) days of the date of service on Cheniere and, thus, is timely.[14]

### IV. VENUE IS PROPER

8. Venue for removal is proper in this District and Division because this District and Division embrace the 36th Judicial District Court of San Patricio County, Texas, the forum in which the removed State Court Action was pending.[15]

### V. REMOVAL IS PROPER

9. Without waiving the right to seek dismissal of or by any party that was improperly named and sued as a defendant in this action, all named Defendants consent to removal of this action.[16]

10. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

### VI. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

11. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of

---

[9] *Id.*
[10] *McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 866 (W.D. Tex. 2015) (where "federal and state claims in the complaint are essentially identical . . . the state claims do not predominate").
[11] *See id.*, at page 1.
[12] *See* Exhibit F, ¶3.
[13] *See* Exhibit F, ¶3.
[14] *See* 28 U.S.C. § 1446(b)(1).
[15] *See* 28 U.S.C. §§ 124 and 1441(a).
[16] As a technical matter, consent for removal from Defendant Air Resources Americas, L.L.C is not required because it is not a proper party to this action. Improperly joined defendants are excluded from the removal consent requirement. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Coffman v. Dole Fresh Fruit Co.*, 927 F.Supp.2d 427, 433 (E.D. Tex. 2013).

filing notice of removal along with a true and complete copy of this Notice of Removal in the 36th Judicial District Court of San Patricio County, Texas, where the State Court Action was pending prior to removal. Defendants will promptly serve Plaintiff with copies of same.

12. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, Cheniere attaches the following to this notice of removal.

    a. **Exhibit A**: An index of all documents appended as exhibits to this Notice of Removal, which identifies each attached document by title and filing date (if applicable);

    b. **Exhibit B**: The state court docket sheet;

    c. **Exhibit C**: True and correct copies of each document filed and served in the State Court Action as of the date and time that this Notice of Removal is being filed, except discovery materials if any;

    d. **Exhibit D**: A copy of Defendants' Notice of Filing of Notice of Removal, which it will promptly file in the State Court Action;

    e. **Exhibit E**: A list of all counsel of record, including addresses, telephone numbers, and parties represented;

    f. **Exhibit F**: Declaration of Michael J. Lombardino

    g. **Exhibit G**: A copy of Plaintiff's Original Petition filed in state court is submitted as a standalone exhibit to facilitate references to it in the future.

## VII. OTHER MATTERS

13. **Jury Demand:** Plaintiff made a jury demand in the State Court Action.

14. **Plaintiff's Pre-Removal Discovery Requests:** It is settled law that once a state-court action is removed, it is governed by federal, rather than state, procedure. *See* FED. R. CIV. P. 81(c). Indeed, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d); *see also* FED. R. CIV. P. 33(a), 34(b), 36(a) (absent leave of court or written stipulation, these forms of discovery "may not be served before the time specified in Rule 26(d)"). Thus, Plaintiff is barred from seeking or continuing to seek responses to his pre-removal discovery requests until the requisites of the Federal Rules of

Civil Procedure have been satisfied. *See Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Tex. 2005) (holding that pharmacy that removed action did not waive objections to pre-removal discovery by failing to assert objection to requests for production and requests for admission within the time required by the Texas Rules of Civil Procedure).

## VIII.  CONCLUSION

Defendant Cheniere respectfully requests that this Court exercise its jurisdiction over this action and enter such further orders and grant such further relief as may be necessary to secure removal of this action and to prevent further proceedings in the 36th Judicial District Court of San Patricio County, Texas, and further seeks all other relief to which they are justly entitled.

**Dated: August 27, 2020**                          Respectfully submitted,

                                        **REED SMITH LLP**

                                        By:  */s/ Michael J. Lombardino*
                                            Michael J. Lombardino, *Attorney-in-Charge*
                                            Texas Bar No. 24070159
                                            S.D. Tex. ID No. 1580053
                                            mlombardino@reedsmith.com
                                            Modinat "Abby" Kotun, *Of Counsel*
                                            Texas Bar No. 24084645
                                            S.D. Tex. ID No. 2470639
                                            akotun@reedsmith.com

                                            811 Main Street
                                            Suite 1700
                                            Houston, Texas  77002
                                            (713) 469-3800 Telephone
                                            (713) 469-3899 Facsimile

                                            **ATTORNEYS FOR DEFENDANTS, CHENIERE ENERGY, INC. AND SWIFT TECHNICAL SERVICES, LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 27th day of August, 2020, a true and correct copy of the foregoing document was served, via the Court's CM/ECF system, which constitutes service on the following counsel of record:

  Jennifer J. Spencer
  jspencer@jacksonspencerlaw.com
  James E. Hunnicutt
  jhunnieuttaacksonspencerlaw.com
  Dimple A. Baca
  dbaca@jacksonspencerlaw.com

  JACKSON SPENCER LAW PLLC
  Three Forest Plaza
  1221 Merit Drive, Suite 160
  Dallas, Texas 75251
  Telephone: 972-458-5301
  Facsimile: 972-770-2156

  ATTORNEYS FOR PLAINTIFF
  RONALD STRINGER

              */s/ Michael J. Lombardino*
              Michael J. Lombardino